```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
ERIC A. KLEIN,                           :    15cv9357(DLC)
                Petitioner,              :
                                         :    MEMORANDUM OPINION
           -v-                           :        AND ORDER
                                         :
UNITED STATES OF AMERICA,                :
                                         :
                Respondent.              :
                                         :
---------------------------------------- X
```

DENISE COTE, District Judge:

On January 6, 2016, petitioner Eric A. Klein ("Klein") filed a petition for a writ of error coram nobis. For the following reasons, it is denied.

On July 8, 2005, Klein was found guilty by a jury of wire fraud in violation of 18 U.S.C. §§ 1342 and 2, and participating in a conspiracy to commit wire fraud in violation of 18 U.S.C. § 371. Klein was sentenced to 51 months' incarceration, three years of supervised release, and ordered to pay $819,779 in restitution. Klein appealed his conviction, and it was affirmed on October 15, 2008.

On December 8, 2009, Klein filed a petition to vacate his sentence pursuant to 28 U.S.C. § 2255. Following a hearing, the Honorable Leonard Sand denied the petition on September 21, 2010. The Court also denied Klein's motion to convert his § 2255 petition into one for coram nobis, finding that "despite

the filing of numerous submissions, at no time does Defendant proclaim that he was not guilty of the crimes for which he was tried.  Nor could he make such a claim in light of the overwhelming evidence which supported the jury's verdict." United States v. Klein, No. 1:09-cv-10048-PAC, Dk. 13 (S.D.N.Y. Sept. 21, 2010).

By order dated April 14, 2011, the Second Circuit vacated the district court's order and remanded for consideration on the merits.  The matter was reassigned to the Honorable Barbara Jones, who denied the petition in its entirety on October 17, 2012.  Klein v. United States, No. 09 cv 10048(BSJ), 2012 WL 5177493 (S.D.N.Y. Oct. 17, 2012).  Judge Jones did not certify an appeal to the Second Circuit.  Id. at *11.  On June 20, 2013, the Second Circuit denied Klein's motion for a certificate of appealability and dismissed his appeal from the denial of his § 2255 petition.  Klein v. United States, No. 12-4898 Doc. 58 (2d Cir. June 20, 2013).  The Second Circuit noted that Klein had "exceeded the bounds of tolerable litigation conduct" by filing "numerous meritless appellate motions," and cautioned that future filing of frivolous and/or vexatious motions or appeals would result in the imposition of sanctions.  Id. at 1-2.  Klein continued to file various additional motions in the Court of Appeals.

On January 6, 2016, Klein filed the instant petition for

coram nobis relief.  Klein also filed a motion to strike certain testimony of Jonathan Streeter ("Streeter") given on August 17, 2010, during proceedings for Klein's § 2255 petition, in which Streeter stated that he was the prosecutor who investigated Klein's case and he had not directed the SEC to take any action.

"A writ of error coram nobis is an extraordinary remedy, typically available only when habeas relief is unwarranted because the petitioner is no longer in custody."  Kovacs v. United States, 744 F.3d 44, 49 (2d Cir. 2014) (citation omitted).  To obtain coram nobis relief and vacate a prior conviction, a petitioner must establish "1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate earlier relief, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ."  Id. (citation omitted).  For purposes of a writ of coram nobis, the conviction is presumed to be correct, and the burden rests on the accused to show otherwise.  Foont v. United States, 93 F.3d 76, 78-79 (2d Cir. 1996).

The authority to grant a writ of coram nobis derives from the All Writs Act and does not displace other writs that are created by statute.  Carlisle v. United States, 517 U.S. 416, 429 (1996).  Accordingly, a petitioner may not avoid the procedural requirements of 28 U.S.C. § 2255 by styling a

3

petition as one for coram nobis rather than habeas corpus. United States v. Baptiste, 223 F.3d 188, 189-90 (3d Cir. 2000) (applying bar on successive petitions to petition for coram nobis). Here, Klein has raised claims substantially similar to those he previously raised in his § 2255 petition. Klein's petition is an improper attempt to bypass the bar on successive petitions under 28 U.S.C. § 2255(h). Thus, Klein must request permission to file a successive habeas petition from the United States Court of Appeals for the Second Circuit.

Even if Klein's petition is properly brought as one for coram nobis, it is denied because none of the grounds for relief raised by Klein has merit. Klein's first ground for relief is that his Sixth Amendment rights were violated because he did not waive his right to counsel post-arraignment. This claim could have been considered in Klein's direct appeal and was raised in Klein's § 2255 petition and rejected. Klein, 2012 WL 5177493 at *3. Furthermore, the Second Circuit refused to grant a certificate of appealability from that denial, finding that Klein had not made a substantial showing of the denial of a constitutional right. Klein v. United States, No. 12-4898 Doc. 58 at 1 (2d Cir. June 20, 2013).

Klein's second ground for relief are nine alleged Brady/Giglio violations. Klein admits that these violations were raised in his § 2255 petition but asserts that they were

4

either "ignored by the prosecution" or inadequately raised by petitioner, who was representing himself pro se. Because these claims were raised in his § 2255 petition, and his appeal from the Court's dismissal of that petition was denied, these claims may not be raised again here. To the extent that any of these claims were not already raised and rejected in the previous proceedings, Klein has failed to show why he could not have pursued them in his § 2255 petition as they all relate to events that predate the petition.

Klein's third ground for relief is that his due process rights were violated when the prosecutor used his own letter as evidence against Klein during trial, which allegedly evidences Streeter's "anger toward defendant." In his § 2255 petition, Klein raised related claims concerning Streeters's conduct during the trial, including a claim that Streeter engaged in a vindictive prosecution. Klein, 2012 WL 5177493 at *10-11. These claims were rejected by Judge Jones. Id. at 11. In addition, Klein has failed to establish why he could not have raised this specific claim earlier, as it concerns conduct that predates his § 2255 petition.

Klein's fourth and final ground for relief is a newly discovered purported Brady/Giglio violation. Klein's theory appears to be that his co-defendant, Lloyd Probber ("Probber"), diverted restitution payments that he made to victim Karen

5

Lefall ("Lefall") to himself.  Klein's alleges that while Probber was incarcerated, Lefall acted as his pastor.  Klein attached an image from the website of Unity Christian Center International showing that Lefall is described as a senior pastor at that church.  Klein also attaches an email from the church, though not necessarily from Lefall, stating that during the period of 2005-2008, the church "was joined with another church body, and that church did have a prison ministry," and "would have been able" to interact with prisoners at FCI Fort Worth.  The only other alleged connection between Lefall and Probber is the fact that the amount of Probber's bail and Lefall's restitution were both $100,000.  There is no indication that Probber actually obtained any funds from Lefall, nor that the Government knew about any such scheme at the time of Klein's trial.  Nor is there any indication that such information was exculpatory as to Klein.  Thus, this purported Brady/Giglio claim lacks merit.

Klein has also moved for an order striking the testimony of Streeter given on August 17, 2010 during proceedings for Klein's § 2255 petition, in which Streeter stated that he was the prosecutor who investigated Klein's case and he had not directed the SEC to take any action.  Because Klein's claim with respect to Streeter lacks merit, this motion will be denied.

6

**Conclusion**

Klein's petition of January 6, 2016 is denied. Klein's motion of January 12, 2016 is denied. The petitioner has not made a substantial showing of a denial of a federal right and appellate review is, therefore, not warranted. Tankleff v. Senkowski, 135 F.3d 235, 241 (2d Cir. 1998); Rodriquez v. Scully, 905 F.2d 24, 24 (2d Cir. 1990). Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Opinion and Order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445 (1962). The Clerk of Court is directed to close the case.

Dated:   New York, New York
         January 22, 2016

                                    _____
                                           DENISE COTE
                                    United States District Judge